RECEIVED

JUL 31 2014

AT 8:30_____M
WILLIAM T. WALSH
        CLERK

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL WILLIAMS & SUSAN
WILLIAMS, Ind.,

        Plaintiffs,

        v.

MURRAY, INC., *et al.*,

        Defendant.

Civil Action No. 12-2122 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    Defendants Home Depot U.S.A. and Briggs & Stratton move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Home Depot Mot., ECF No. 26; Briggs & Stratton Mot., ECF No. 25.) The motions are unopposed. The Court has reviewed the submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, and other good cause shown, Defendants' motions are granted in part and denied in part.

**I.    Background**

    **A.    Overview**

    In 2002, ten-year-old Plaintiff Michael Williams ("Williams") suffered severe injuries in an accident involving a brand new Briggs & Stratton lawnmower that his parents had purchased from a Home Depot store in New Jersey. In January 2012, Williams and his mother, Susan Williams ("Mrs. Williams"), commenced this products liability action in New Jersey Superior Court, alleging that the accident resulted from a defect in the lawnmower's design, manufacture,

or assembly. Home Depot subsequently removed the action to this Court on the basis of diversity.

Plaintiffs' Complaint (ECF No. 1-2) sets forth five causes of action, each sounding in New Jersey state law. Count One alleges that Defendants are strictly liable pursuant to the New Jersey Products Liability Act ("PLA"), N.J. Stat. Ann. § 2A:58C-1, *et seq.*, for "designing, manufacturing, assembling, and selling" the "defective and unreasonably dangerous" lawnmower. Count Two is identical to Count One, except that it asserts liability based on the common law of negligence. Count Three alleges that Defendants negligently failed "to provide [Williams with] adequate warnings . . . of the inherent dangers" involved in using the lawnmower. Count Four alleges that Home Depot employees violated the New Jersey Consumer Fraud Act ("CFA"), N.J. Stat. Ann. § 56:8-1, *et seq.*, by falsely "represent[ing] that they possessed the necessary skill, knowledge and experience" to assemble the lawn mower. In Count Five, Mrs. Williams seeks compensation for medical expenses and injuries incurred as a result of Defendants' alleged negligence.

### B. Undisputed Facts

The Court draws the following facts from the Statement of Undisputed Material Facts each Defendant submitted pursuant to Local Civil Rule 56.1, and from the materials submitted in support of Defendants' motions. *See Muskett v. Certegy Check Svcs., Inc.*, No. 08-3975, 2010 WL 2710555, at *3 (D.N.J. July 6, 2010) ("a [d]efendant's statement of material facts not in dispute, as to which [p]laintiffs have filed no objection and counter statement, are deemed undisputed").

On May 21, 2002, Mrs. Williams and her husband purchased a push-behind lawnmower from a Home Depot store in Toms River, New Jersey.[1] The mower, manufactured by Briggs & Stratton, featured a 22-inch cutting deck powered by a four horsepower gasoline motor.[2] The mower was also equipped with an "Engine Stop Lever," essentially a spring-loaded kill switch mounted on the mower's handle.[3] The Engine Stop Lever was designed to turn off the motor whenever the operator released his or her grip on the mower's controls.[4] When Mrs. Williams's husband test started the new lawnmower on May 21, the Engine Stop Lever functioned properly.[5]

On May 23, Williams used the new mower to cut the grass outside his family's house in Beachwood.[6] When he had finished, Williams found that disengaging the Engine Stop Lever did not shut off the lawnmower's motor.[7] Mimicking a technique he had seen his father use to shut off another mower, Williams walked to the front of the machine, placed his right foot on top of the cutting deck, and reached down to disconnect the spark plug wire.[8] Somehow – only Williams himself witnessed the mishap and he cannot remember exactly what happened – his

---

[1] (Briggs & Stratton Rule 56.1 Statement ("Briggs 56.1"), ECF No. 25-3, ¶ 1; Briggs & Stratton Ans., ECF No. 4, 1.)

[2] (Compl., Count One, ¶ 5; Home Depot Br., ECF No. 26-1, 1.)

[3] (Home Depot Rule 56.1 Statement ("Home Depot 56.1"), ECF No. 26-2, ¶ 2; Deposition of Michael Williams ("M. Williams Dep."), ECF 26-4, 24-25.)

[4] (*Id.* at 16.)

[5] (*Id.* at 23-24; Home Depot 56.1 ¶¶ 12-13.)

[6] (Home Depot 56.1 ¶ 1.)

[7] (*Id.* at ¶ 2; Briggs 56.1 ¶ 3.)

[8] (M. Williams Dep. 21-22; Home Depot 56.1 ¶ 3; Briggs 56.1 ¶¶ 4-5.)

right foot went underneath the machine.[9] He spent the ensuing seven days in the hospital, as doctors struggled, in vain, to save the second and third toes on his right foot.[10]

The Williams family never used the lawnmower after the May 23 incident.[11] During their depositions in December 2013, Plaintiffs examined recent photographs of the lawnmower – which remains in the possession of Plaintiffs' counsel – and testified that its condition appeared to have deteriorated since May 2002.[12]

If there is a trial in this matter, Plaintiffs will not call an expert to explain why the lawnmower continued to run after Williams disengaged the Engine Stop Lever.[13]

## II.  Standard of Review

Summary judgment is appropriate if the record shows "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A district court considers the facts drawn from the "materials in the record, including depositions, documents, electronically stored information, affidavits . . . or other materials" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c)(1)(A); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted). "When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial,

---

[9] (Home Depot 56.1 ¶¶ 4-5; M. Williams Dep. 37-38.)

[10] (Briggs 56.1 ¶ 5; Home Depot 56.1 ¶ 4; M. Williams Dep. 46.)

[11] (M. Williams Dep. 29.)

[12] (M. Williams Dep. 29; Deposition of Susan William ("Mrs. Williams Dep."), ECF No. 26-4, 40-41, 69-71.)

[13] (Briggs 56.1 ¶¶ 13-14; Home Depot 56.1 ¶¶ 34-36.)

no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

A plaintiff's failure to respond "is not alone a sufficient basis for the entry of a summary judgment." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). Rather, the court must determine whether the unopposed motion for summary judgment "has been properly made and supported." *Muskett*, 2010 WL 2710555, at *3.

### III. Discussion

#### A. The PLA Claim

##### i. Putative Need for Expert Testimony

Both Home Depot and Briggs & Stratton contend that Plaintiffs' decision not to retain a technical expert dooms Williams's PLA claim. Home Depot posits that the jury will need the testimony of an expert to decide if "the subject lawnmower, its engine, or [] safety handle [was] defective," and to determine whether the defect was "attributable" to the lawnmower's design, manufacture, assembly, or use. (Home Depot Br., ECF No. 26-1, 11.) For its part, Briggs & Stratton acknowledges that New Jersey state law permits juries to infer the existence of a defect from circumstantial evidence – that is, without the help of an expert's technical opinion – but suggests Plaintiffs need expert testimony to "rule out all other possible causes of the incident." (Briggs & Stratton Br., ECF 25-4, 4.) The Court finds these arguments unpersuasive.

To prevail on a PLA claim, a plaintiff must establish "the [subject] product was defective, that the defect existed when the product left the manufacturer's control," and that

5

defect was the proximate cause of his injuries. *Myrlak v. Port Auth.*, 723 A.2d 45, 52 (N.J. 1999). To prove these elements, "a plaintiff *may* resort to direct evidence, such as the testimony of an expert who has examined the product," or he may forego expert testimony and rely simply on "circumstantial proof" that the defect existed. *Id.* (emphasis supplied). The New Jersey Supreme Court has explicitly held that "'the injured plaintiff is not required to prove a specific manufacturer's defect.'" *Id.* (quoting *Moraca v. Ford Motor Co.*, 332 A.2d 599, 601 (N.J. 1975)). It is enough, rather, that evidence establishes "that 'something was wrong' with the product.'" *Id.* (quoting *Scanlon v. General Motors Corp.*, 326 A.2d 673, 678 (N.J. 1974)); *see Knoster v. Ford Motor Co.*, 200 F. App'x 106, 114 (3d Cir. 2006) (plaintiff may prevail on PLA claim where "[c]ommon experience" indicates that products' failure "would not ordinarily occur in the absence of some defect").

The evidence before the Court is sufficient to place Williams's PLA claim before the jury. Based on the undisputed facts, a jury could rationally conclude that: (i) the lawnmower was designed to shut off when the Engine Stop Lever was disengaged; (ii) the Engine Stop Lever did not function correctly; (iii) this failure – occurring, as it did, the first time the lawnmower had ever been used to cut grass – was the result of a defect that existed when the Williams family purchased the machine; and (iv) the defect proximately caused Williams's injury. While it remains unclear whether the mower's defect existed when it left the factory, this ambiguity does not "show[] that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). Accordingly, Plaintiffs' decision not to retain an expert does not entitle Defendants to summary judgment.

### ii. Home Depot's "Innocent Seller" Status

Home Depot contends that it is entitled to immunity from Williams's PLA claim as an "innocent seller" under N.J. Stat. Ann. § 2A:58C-9. That section provides that a "product seller"

may, under certain circumstances, extricate itself from a products liability action by filing "an affidavit certifying the correct identity of the manufacturer of the product which allegedly caused the [plaintiff's] injury, death or damage." N.J. Stat. Ann. § 2A:58C-9(a). There are a number of statutory exceptions to the rule – including one that applies when "[t]he product seller created the defect in the product which caused the injury, death or damage." N.J. Stat. Ann. § 2A:58C-9(d)(3). The party asserting innocent seller status bears the burden of proving compliance with the requirements of § 2A:58C-9. *Fidelity & Guaranty Ins. Underwriters, Inc. v. Omega Flex, Inc.*, 936 F. Supp. 2d 441, 453 (D.N.J. 2013).

At this point, Home Depot has not substantiated its claim to innocent seller status. The company has not filed the requisite affidavit, nor does it point to evidence absolving it of responsibility for Williams's injuries. *Fidelity & Guaranty Ins. Underwriters*, 936 F. Supp. 2d at 454 & n.7 (vendor may not achieve innocent seller status through "general assertions in the briefing that the manufacturer . . . is known and actively participating in [] litigation"). If Home Depot addresses these deficiencies, it may submit a supplemental application for innocent seller status.

### iii. Alleged Spoliation of Evidence

Home Depot also suggests that summary judgment is appropriate as a sanction for Plaintiffs' failure to "maintain the lawnmower in the condition in which it existed at the time of the subject accident." (Home Depot Br. 13.) The Court disagrees. Assuming for purposes of this motion that the Williams family foresaw this litigation at some point before the lawnmower fell into disrepair, there is no evidence they engaged in the kind of intentional spoliation that warrants the "drastic sanction[]" of summary judgment. *See Mosaid Tech. Inc. v. Samsung Elec. Co.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004) (defining spoliation as "the destruction or

7

significant alteration of evidence, or failure to preserve property for another to use as evidence in pending or reasonably foreseeable litigation").

### iv. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment on Count One of the Complaint is denied.

### B. Plaintiffs' Other Claims

Home Depot contends that the PLA "subsumes" Plaintiffs' common law claims for negligence and failure to warn, and its statutory claim under CFA. The case law overwhelmingly supports Home Depot's position. *See Fidelity & Guaranty Ins. Underwriters*, 936 F. Supp. 2d at 446-47 (collecting cases for the proposition that common law theories of products liability are "subsumed within the [PLA's] statutory cause of action") (internal quotation marks omitted); *Sinclair v. Merck & Co., Inc.*, 195 N.J. 51, 65-66 (2008) (plaintiff could not recover under the CFA "for harm caused by a product" because such a claim "clearly falls within [the PLA's] scope"). The reasoning of these cases applies with equal force to Mrs. Williams's loss of consortium claim, which seeks to recover for injuries sustained "as a result of [Defendants'] negligence." (Compl., Count Five, ¶ 3.)

Accordingly, Home Depot's motion for summary judgment on Counts Two, Three, and Four is granted. The Court will *sua sponte* dismiss Counts Two and Four as to Briggs & Stratton, and Count Five as to both Defendants. *See Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) (explaining a court's inherent authority to dismiss the action "provided that the complaint affords a sufficient basis for the court's action").

## IV. Conclusion

For the reasons set forth above, Defendants' motions for summary judgment on Count One of the Complaint are denied; Home Depot's motion for summary judgment is granted with

8

respect to Counts Two, Three, and Four. In addition, Counts Two and Four are dismissed as to Briggs & Stratton. Count Five is dismissed as to both Defendants. An appropriate order follows.

s/ Michael A. Shipp<br>
**Michael A. Shipp**<br>
**United States District Judge**

**Dated:** July 31, 2014