**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL WILLIAMS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MURRAY, INC., et al., <br><br> Defendants. | Civil Action No. 12-2122 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on several motions. Defendant Briggs & Stratton ("Briggs") moves for reconsideration, pursuant to Local Civil Rule 7.1, of the Court's July 31, 2014 Opinion and Order ("July Order") (ECF Nos. 30, 31) granting in part and denying in part Briggs's motion for summary judgment. (ECF No. 33.) Briggs also moves to certify the July Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (ECF No. 32.) Defendant Home Depot U.S.A. ("Home Depot") moves for reconsideration of the Court's July Order with respect to its own motion for summary judgment. (ECF No. 34.) In addition, Plaintiffs Michael Williams and Susan Williams ("Plaintiffs") cross-move to reopen discovery. (ECF No. 43.) The Court has reviewed the submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Briggs's motion for reconsideration is granted in part and denied in part, Home Depot's motion for reconsideration is denied, Home Depot's "supplemental application" is denied, Briggs's motion for certification is denied, and Plaintiffs' cross-motion is denied.

I. **Briggs's and Home Depot's Motions for Reconsideration as to Count One**[1]

Briggs and Home Depot move for reconsideration with respect to portions of the July Order denying Briggs's and Home Depot's motions for summary judgment as to Count One, Plaintiffs' Product Liability Act ("PLA") claim.

Reconsideration under Local Civil Rule 7.1 is "an extraordinary remedy" that should be granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (internal quotation marks omitted). The moving party must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The scope of the motion is "extremely limited," and the party moving for reconsideration cannot use the motion "as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A motion for reconsideration is not an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. Local Civil Rule 7.1(i) provides that the moving party must set forth "concisely the matter or controlling decisions" that the party believes the court has overlooked. The pertinent word in the rule is "overlooked." *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). "Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]." *Id.* "Only where the court has overlooked matters that, if considered by the

---

[1] The background of this action has been set forth in this Court's prior opinion (ECF No. 30) and is incorporated by reference herein.

2

court, might reasonably have resulted in a different conclusion, will it entertain such a motion." *Id.*

Briggs moves the Court to reconsider its denial of Briggs's summary judgment motion as to Count One "because the legal analysis concerning the viability of [P]laintiffs' Product Liability Act claim failed to apply and fully appreciate all of the elements of a *prima facie* case of the existence of a product defect attributable to a particular defendant." (Briggs's Mot. for Recons. 13.) Specifically, Briggs argues that Plaintiffs can establish a product defect based on circumstantial evidence "only where the plaintiff comes forward with facts and evidence eliminating other potential causes . . . that arose after the product left the custody and control of the manufacturer." (*Id.* (emphasis omitted).) Home Depot supports this argument stating "the Court's ruling that [P]laintiffs can establish their product liability claim without expert testimony is not supported by the record and would result in a 'manifest injustice' if upheld." (Home Depot's Mot. for Recons. 3.) Home Depot argues additionally that circumstantial evidence cannot be used to prove that the defect proximately caused plaintiff's injury. (*Id.* at 4-5.)

The Court finds that reconsideration of its July Order, with respect to Count One, is not warranted. Here, Defendants are merely asking this Court to rethink what it has already analyzed. (*See* Mem. Op. 5-6.) Defendants have failed to proffer any change in law, bring forth new evidence that was not considered by the Court, or make a persuasive argument that the Court has committed a clear error of law that requires correction.

Briggs also moves for reconsideration by arguing that the Court failed to address whether the mower is a "complex instrumentality" for which expert testimony is expressly required. (Briggs's Mot. for Recons. 17-19.) A party moving for reconsideration may not "raise argument, or present evidence that could have been raised prior to the entry of judgment." *Borestsky v.*

*Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir. 2011) (internal quotation marks omitted). Briggs's brief in support of summary judgment omitted any mention of a complex instrumentality. It is inappropriate now on a motion for reconsideration for Briggs to raise a new argument in regards to what type of evidence would be needed to prove a defect. Accordingly, Briggs's argument in regards to the mower being considered a complex instrumentality will not be considered by the Court. For these reasons, Defendants' motions for reconsideration of Count One is denied.

## II. Briggs's Motion for Reconsideration of Count Three

Briggs also moves for reconsideration of the Court's denial of summary judgment for Count Three, Plaintiffs' claim for negligent failure to adequately warn. (Briggs's Mot. for Recons. 10-12.) In the July Order, the Court dismissed Counts Two, Three, Four, and Five as to Home Depot, but only Counts Two, Four, and Five as to Briggs. On reconsideration, Briggs argues that the Court's reasoning for dismissal of Count Three as to Home Depot applies equally to Briggs. Thus, Briggs seeks dismissal of Count Three. The Court agrees. In the July Order, the Court referenced the dismissal of Count Four as to Briggs but intended to reference Count Three.[2] Therefore, Briggs's motion for reconsideration is granted as to Count Three, and Count Three of Plaintiffs' Complaint is dismissed as to Briggs.

## III. Home Depot's "Innocent Seller" Supplemental Application

Home Depot submits a "supplemental application" as part of its brief for reconsideration. (Home Depot's Mot. for Recons. 8-10.) This submission is not appropriate for reconsideration as it was not correctly substantiated when Home Depot moved for summary judgment. In its previous opinion, the Court found that Home Depot "had not filed the requisite affidavit," nor did Home

---

[2] The Court dismissed Count Four, Plaintiffs' Consumer Fraud Act ("CFA") claim, against Briggs even though Plaintiffs' CFA claim does not assert any liability as to Briggs as it alleges no facts against Briggs.

4

Depot substantiate "absolving it[self] of responsibility for Williams's injuries." (Mem. Op. 7.) The Court granted Home Depot permission to address these deficiencies in a supplemental application. (*Id.*) Therefore, this application will be considered as a renewed motion for summary judgment.

Home Depot contends that it is entitled to immunity from Plaintiffs' PLA claim as an "innocent seller" under N.J.S.A. 2A:58C-9.[3] That section provides that a "product seller" may, under certain circumstances, extricate itself from a products liability action by filing "an affidavit certifying the correct identity of the manufacturer of the product which allegedly caused the [plaintiff's] injury, death or damage." *Id.*

Home Depot submits that by identifying Briggs as the manufacturer it has met its obligation under the statute and should be granted summary judgment. N.J.S.A. 2A:58C-9(d) provides that a product seller can still be liable, however, under the following circumstances:

> (1) the product seller has exercised some significant control over the design, manufacture, packaging or labeling of the product relative to the alleged defect in the product which caused the injury, death or damage; or
> (2) the product seller knew or should have known of the defect in the product which caused the injury, death or damage; or the plaintiff can affirmatively demonstrate that the product seller was in possession of facts from which a reasonable person would conclude that the product seller had or should have had knowledge of the alleged defect in the product which caused the injury, death or damage; or
> (3) the product seller created the defect in the product which caused the injury, death or damage.

N.J.S.A. 2A:58C-9(d). A product seller seeking immunity bears the burden of demonstrating that it is not subject to liability under any of the exceptions to seller immunity. *Fidelity & Guar. Ins. Underwriters, Inc. v. Omega Flex, Inc.*, 936 F. Supp. 2d 441, 453 (D.N.J. 2013). "The burden is on the party seeking to take advantage of the immunity . . . to prove that the factors in subsection

---

[3] The innocent seller immunity statute "carves out a very limited exception to the PLA's overarching principle of imposing strict liability upon all entities in the chain of distribution, exempting only those whose exclusive role is to make the finished, packaged and labeled product available to consumers." *Smith v. Alza Corp.*, 400 N.J. Super. 529, 541 (App. Div. 2008).

(d) do not apply by presenting evidence to that effect or by pointing to a lack of evidence in the record supporting opposite conclusions." *Bashir v. Home Depot*, No. 08-04745, 2011 WL 3625707, at *3 (D.N.J. Aug. 16, 2011) (internal quotation marks omitted) (citing *Claypotch v. Heller, Inc.*, 360 N.J. Super. 472, 483 (App. Div. 2003)).

Home Depot asserts that "there is no evidence in the record" to demonstrate the various exceptions to seller immunity; this does not satisfy its burden. (Home Depot's Mot. for Recons. 10.) Yet, Plaintiffs' response to an interrogatory represented that: "there was clearly an issue with the operation of the safety handle and spark plug which may have been due to the permission of clerk/stock boys being assigned to assembling the mower, rather than a lawn mower mechanic." (Briggs's Mot. for Recons. 15.) This supports a theory that Home Depot "created the defect in the product which caused the injury, death or damage." N.J.S.A. 2A:58C-9(d)(3). Thus, there is a genuine dispute as to a material fact which would preclude the granting of summary judgment. Fed. R. Civ. P. 56(a). Therefore, Home Depot's "supplemental application" is denied.

## IV. Briggs's Motion for Certification of Appealability

Briggs also moves for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on the issue of circumstantial evidence being used to prove a PLA claim. A district court has the discretion to grant a § 1292(b) certification if the order in question: "(1) involve[s] a controlling question of law, (2) offer[s] substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately [would] materially advance the ultimate termination of the litigation." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (internal quotation marks omitted). The burden to demonstrate that certification is appropriate lies with the moving party. *Elec. Mobility Corp. v. Borns Sensors/Controls, Inc.*, 87 F. Supp. 2d 394, 398 (D.N.J. 2000). Interlocutory appeal is to be "used sparingly" and only in "exceptional" circumstances that justify foregoing the normal

6

procedure of appealing after final judgment. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74 (1996). While the interlocutory appeal standard differs from the reconsideration standard, Briggs duplicates its argument from its motion for reconsideration.

Substantial ground for difference of opinion exists when there is genuine doubt or conflicting precedent as to the correct legal standard. *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 360 (D.N.J. 2001). "The clearest evidence of substantial grounds for difference of opinion is where there are conflicting interpretations from numerous courts." *Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (internal quotation marks omitted). In the July Order, the Court acknowledged and analyzed the appropriate New Jersey Supreme Court cases with respect to the issue of circumstantial evidence. The Court finds no difference in opinion amongst any of those decisions supporting the use of circumstantial evidence to prove a PLA claim. Briggs's brief does not include any argument with respect to conflicting decisions on the issue. Therefore, the Court finds that the order in question does not offer substantial ground for difference of opinion as to its correctness, and the Court denies Briggs's motion for certification of the July Order for failing to meet the second prong requiring a substantial ground for difference of opinion.

**V.      Plaintiffs' Cross-Motion to Reopen Discovery**

Plaintiffs have retained new counsel and move to reopen discovery to procure expert reports as to liability and damages in an effort to change their litigation strategy, twenty-two months after discovery has closed in this matter. A trial court may grant leave to modify or amend a scheduling order only when "good cause" is shown. *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990). This is because "scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986). Lack of

prejudice to the non-moving party, however, does not equate to a showing of good cause. *Marlowe Patent Holdings LLC v. Dice Elecs, LLC*, 293 F.R.D. 688, 701 (D.N.J. 2013).

Furthermore, "a litigant voluntarily . . . [chooses his] attorney as his representative in [an] action" and cannot "avoid the consequences of the acts or omissions of this freely selected agent." *Marlowe*, 293 F.R.D. at 700 (internal quotation marks omitted). "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879)). "*Ex post facto* disagreement with strategic decisions of counsel, made in the course of litigation, does not constitute good cause." *Marlowe*, 293 F.R.D. at 701. A plaintiff's approval, "whether by action or inaction," with their counsel's strategy binds him to the attorney's decisions. *Id.*

Plaintiffs argue that they have shown good cause because their "former attorney was obviously suffering under some sort of psychological or psychiatric disability precluding him from effectively meeting deadlines and complying with the discovery schedule." (Pls.' Moving Br. 2, ECF No. 43-2.) According to Plaintiffs, James Kennedy, Plaintiffs' former counsel, was arrested and charged with promoting prostitution. (Certification of Edward C. Logan ("Logan Cert.") ¶ 2, ECF No. 43-1.) Plaintiffs note that Kennedy was not convicted of this felony. (*Id.* ¶ 5.) The Court does not find the facts surrounding Kennedy's purported criminal activity to support Plaintiffs' assertion that Kennedy was so disabled that he could not effectively meet deadlines or comply with the discovery schedule. There is nothing on the docket to suggest that Plaintiffs' former counsel failed to meet deadlines or comply with the discovery schedule with respect to procuring an expert for this litigation. Rather, Kennedy explained his reasoning for not conducting expert

8

discovery to Plaintiffs' new counsel: "I contacted Mr. Kennedy and he said that he did not think this kind of case really warranted expert testimony." (*Id.* ¶ 11.)

Furthermore, Plaintiffs claim that "[b]y the time [they] became aware that their attorney was suffering under a disability and were able to hire a new attorney the discovery deadlines had expired." (Pls.' Moving Br. 2.) Discovery in this litigation ended in October 2013. Plaintiffs notified the Court, ex parte, on September 16, 2014, that they had been unable to contact their attorney for over two months and had discovered Kennedy's criminal issues. (Pls.' Letter 1, ECF No. 36.) At the time the discovery deadline passed, Plaintiffs were willing to proceed to trial without an expert witness. If Plaintiffs disagreed with Kennedy's strategic decisions on whether or not to use an expert witness, there was ample time to correct that decision within the time allowed by the scheduling order. Instead, almost a year past the discovery deadline, Plaintiffs first notified the Court there was an issue with their counsel. The Court finds Plaintiffs' motion to reopen discovery to be an attempt to change litigation strategy on the eve of trial. For these reasons, the Court finds that Plaintiffs have not satisfied the good cause standard.

## VI. Conclusion

For the reasons set forth above, Plaintiffs' cross-motion to reopen discovery is denied, Briggs's motion for reconsideration is granted in part and denied in part, Home Depot's motion for reconsideration is denied, Home Depot's "supplemental application" is denied, Briggs's motion for certification is denied. An appropriate order follows.

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: August 24, 2015

9